UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

> ACKNOWLEDGED. Case is dismissed without prejudice.
> DATED: Jan 28, 2026
> RICHARD L. YOUNG, JUDGE
> United States District Court
> Southern District of Indiana

| | |
|---|---|
| IN RE COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | Case No: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

| | |
|---|---|
| Joseph Haag | 1:16-cv-02756-RLY-TAB |
| Brandon Johnson | 1:21-cv-01165-RLY-TAB |
| Frederick Wells | 1:16-cv-03058-RLY-TAB |

**STIPULATION OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Above-titled Plaintiffs and the defendants, Cook Incorporated, Cook Medical, LLC, and William Cook Europe ApS, hereby stipulate and agree that the above-captioned cases are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), with each party to bear its own costs. The parties further stipulate that:

1. A Plaintiff listed above may refile his or her case in the Southern District of Indiana, in the event a Legally Cognizable Injury occurs within two years from the date of this Stipulation.

2. For purposes of this Stipulation, "Legally Cognizable Injury" is exclusively defined as:

    a. an open surgical procedure to remove a Cook IVC Filter;[1]

---

[1] "Open procedure" means a surgery using medical instruments to open the patient's body to remove all or part of the Cook IVC Filter after either (1) one or more percutaneous retrieval attempts have failed to retrieve the filter, or (2) a determination by Plaintiff's treating physician, who is not retained, compensated or directed by Plaintiff's Counsel, that attempting a percutaneous retrieval of the filter is not feasible. For the purpose of this definition, a percutaneous retrieval procedure is not a "surgery."